Mr. Rado, good morning. My name is Jim Halley. I represent Antonio Rodriguez-Preciado, the defendant and appellant in this criminal case. Two issues in the appeal. One is whether or not the sentence of 235 months is reasonable. And the second is whether or not the court applied the proper standard of proof in making factual findings at the sentencing. First, as to the reasonableness finding, there are two very recent cases. Mr. Rado very kindly alerted the court to U.S. v. Diaz-Argueto, 447 Fed 3rd, 1167. And that's a case, an immigration case, where the court imposed a low-end sentence, and the defendant challenged the sentence on the grounds that it wasn't reasonable under book. And the court held that since the trial court did not articulate what factors mattered in arriving at the sentence under 18 U.S.C. 3553A, the court couldn't determine whether or not it was a reasonable sentence, and so sent the case back for resentencing. The more recent case from just about a week ago is United States v. Carty, and that, again, is a low-end sentence, and it is a lot like this case. It's one significant difference. It's a sex case. It's not a drug case. But there, Mr. Carty was sentenced to 235 months, which was the bottom of his range, and he challenged the sentence on the grounds that it wasn't reasonable in the circumstances. The trial court had not addressed the 3553 factors at all. It simply mentioned that it had reviewed all of the papers and the submission and imposed the sentence in adopting the presentence report. Factually, that is very much like what happened here. But here the court specified that he had considered each of the factors in the statute. So does the district court have to do more than that and explain how it interpreted each factor in light of the facts, or is it enough to say I have now considered not only the party submissions, but also the statutory factors? I urge the court to find that simply a reference to the statutory factors is not enough, and I also urge the court not to view the reference here as clear on that point. I don't find in the Ameline V. Mann transcript any reference to the factors clearly. Well, the court says, I'm looking at page 56 of the excerpt, in deciding this matter, and I'm going to skip some of the words, but in deciding this matter, the court reviewed the case, recalled the evidence and testimony of witnesses, considered the written and oral arguments under all the factors provided in 18 U.S.C. 3553 and et cetera. Notwithstanding the arguments, I wouldn't impose a different sentence, so. Well, it may be somewhat technical, Your Honor. The reference is to a nonexistent statute in the order 3553.1. The relevant statute is 3553.8 and sub 1, sub 2, which set forth the factors to be considered. So this order is not clear as to which factors the court considered. I can't take the court as far as saying that each factor needs to be listed in the judgment order or addressed at the sentencing hearing, but an articulation of the rationales necessary so that this court can perform a review of the reasons for the sentence imposed. Absent that, the judgment is opaque, and it's impossible to tell whether the court's decisions were. I'm not sure if it's the Zavala case where the court speaks about not being beasts, not being angels, but in order to fulfill the role of reviewing sentences for reasonableness. Granted, a very nebulous concept. The trial court's doctrine lays something down that is specific in the form of a rationale. It doesn't have to be every factor, but the factors that matter. Some cases hold that simply a reference to the fact that the defendant is dangerous is sufficient, but there isn't any such reference here. And in the context of the facts here, this is significant. This is a case that went to trial. It was a pre-Booker trial court, and the jury was asked to make a drug quantity finding, which it did. It found the defendant responsible for a kilogram of a mixture of substance of methamphetamine or 100 grams of actual methamphetamine, but didn't make a finding as to a larger quantity. The court did impose a sentence based on a larger quantity, and that difference makes an enormous difference in the outcome of the sentence. If the sentence were imposed solely on the basis of the jury verdict, the verdict that the court can be assured is one that's based on proof beyond a reasonable doubt, the offense level for the drugs would have been 30. And in this case where the court found a larger quantity of drugs, the offense level jumps up to 36. And so this is a case in which many things went into the court's analysis for purposes of sentencing, but it's not clear from the record which ones matter. It's just not there. And granted, when this case was in front of the district court, I think it was one of the first amyline remand cases in the district court here in Portland. It was heard back in November or October, I think it was. Some of this wasn't entirely clear at the time. The Argueta case hadn't come out. The Cardi case hadn't come out. But it is quite clear that in order to get a handle on this concept of reasonableness, there has to be a discussion of the 35, 53 factors. I'd like to turn to my second argument. My second argument has to do with the burden of proof. And I urge the court that a higher burden of proof is required on this case than was employed. It appears that a preponderance of the evidence standard was applied at sentencing to make a drug quantity finding. And under Skanen and Daly, I believe, the court is required to employ a heightened burden of proof, at least clear and convincing evidence, where a sentencing factor either adds four levels to the range, or at the offense level, pardon me, or more than doubles the sentence. In this case, that didn't happen. The sentence arrived at, if you used just the jury verdict, would have been a bottom of the range, 121 months. The sentence imposed was 235. This doesn't meet the more than doubling. But it does meet more than four levels. And it isn't clear that the court employed the heightened burden of clear and convincing evidence. I would even go further and urge the court to hold that trial courts should employ proof beyond a reasonable doubt for making sentencing findings. And I urge the court to do that because, otherwise, the law essentially gets turned on its head. Booker vindicated the defendant's right to a jury trial, the right to proof beyond a reasonable doubt on every element concerning his conviction. And it did so by finding the sentencing guidelines unconstitutional to the extent that they're mandatory. Making them advisory and giving the trial court discretion to sentence anywhere within the code maxima takes away all of the protection that Booker stood for. And if you don't require trial courts to employ a heightened burden of proof, and I urge proof beyond a reasonable doubt, Booker ends up producing a result that its rationale doesn't support. It comes out inside out or upside down. So for those reasons, the court should find that the sentence here is not supported by sufficient proof and should remand for that reason as well. If I may, I'd like to reserve my remaining minutes, 30 seconds, for rebuttal. And I have nothing further unless the court has some questions. Thank you, counsel. May it please the court, counsel. I'm Russ Fratto, appearing on behalf of the government. The defendant's appeal is very specific. There are two issues raised. One is a claim that the drug quantity calculation was unconstitutional. The government believes that Booker, Amoline, Mix, and Stanton make very clear that the Fifth and Sixth Amendment do not apply to this calculation. That under Harrison-Philpott, as the guidelines apply in a conspiracy context, the trial court, Judge Hagerty's finding was clearly appropriate and lawful. The defendant also challenges the reasonability of the sentence, claiming that the court did not appropriately apply 3553. He suggests that the defendant's age, family, work history, potential for rehabilitation, and sentence disparity should have led to a lower sentence of 120 months rather than 235 months imposed by Judge Hagerty. Counsel, one of his arguments here today is not so much that the sentence is unreasonable, but that we can't really review it because we don't know what the trial judge's specific thinking was, and he relies on the miscitation of Section A. What is your response to that argument? Let me address the miscitation. I believe that's a Scrivener's error. I believe that when we look at the memorandum of counsel, the discussion with the court, as well as the remainder of the order referencing Ameline, that it's clear that the citation is the 3553A, not 3553.1. With regards to understanding the trial court's decision in this matter, addressing the factors, when the trial court said that it understood the guidelines to be advisory and would not change the sentence, the court was incorporating its earlier sentence proceeding and findings of fact. When we look at that earlier sentence proceeding, we see the court make specific statements that the co-defendants received a lesser sentence based upon their cooperation. That would address 3553A6. That alone would distinguish this case from the Diaz-Argüenza case where there was no citation by the district court to one of the 3553 factors, much less more. I would argue that the trial court's discussion in the first sentence proceeding of the base defense level and the enhancement for obstruction of justice is also compliance with 3553A1. And the A2 provision of 3553 regards the need for sentence seriousness, respect, punishment, deterrence, protection of the public, and providing education, medical, or correctional treatment was again addressed by the trial court when it included a designation to FCI Sheridan to allow the defendant's drug treatment. And specifically in the findings of fact order, in application of the guidelines, the court wrote, the court selected this particular point in the sentencing guideline range to address the sentencing issues of protection of the public, to afford adequate deterrence to criminal conduct, to achieve What page are you reading from? That's excerpt of the record, page 40. And this was part of the first sentencing proceeding. But 3553 applied to the sentence proceeding in the initial sentencing proceeding, as well as post Booker and Ameline, when this limited remand order was entered, returning it to the district court. And the district court said, I cannot say had I known at the time I sentenced Mr. Rodriguez that the guidelines were merely advisory, that I would have imposed a material different sentence. He is, and I would urge this court to treat these kinds of limited remand situations to look at the totality of the sentencing proceeding. What happened initially when 3553 applied, then under the understood mandatory guidelines, and now, later, under the advisory guidelines? The defendant did not object to the district court's failure to articulate specific 3553 considerations. And there is a certain issue before the court with regards to the standard of review. Clearly, this court, under Plough, reviews the reasonableness of a sentence post Ameline. The guidelines have had a standard of review that seeks this court's review of findings of fact for clear error, for application of the guidelines to the facts, for abuse of discretion, with one point I'll make in a second, and then interpretation of the guidelines under de novo review. Judge Berzon, in the Stanton case, points out that there is some disagreement in the standard of  I would urge this court, when you look at a post-Ameline remand proceeding, where we've had a second sentencing proceeding, and you are looking at the district court judge's sentence of the individual, you have to determine the reasonableness of the sentence. But there needs to be some deference to the trial court, and I believe that's what, Judge Graber, you were talking to counsel about. There needs to be some sense of the deference given to the trial court. Judge Hagerty sat through this trial. He listened to the many co-conspirators that testified, listened to the specific testimony of Robert Glenn as he outlined the trips that all these individuals took to meet with Rodriguez-Preciado in California and receive drugs, saw the drug records that documented the receipt of drugs from Rodriguez-Preciado. Are you talking about whether the sentence is reasonable or what he has to state for purposes of review? I guess what I was concerned about when the court engages in de novo review, if you're looking at the trial court's findings, if you're looking at the application of the guidelines, if you are determining the reasonableness of the sentence, I'm suggesting that some of the same guideline review standards, findings of fact for the guidelines, I would suggest that finding a fact of 3553 should be reviewed for clear error, and that the application of the application of 3553 to the fact should be given a standard of review similar to the guidelines in your determination of reasonableness. In the end, it's the government's position that Judge Haggerty applied 3553 and articulated a basis for his sentence that is sufficient under 3553. He treated the guidelines as advisory. He did not treat them as a presumptive sentence, and he wants a reasonable sentence. As I understand your position here, basically what you're saying is that we should look to the original sentence to find the reasons for the sentence, the reasons to show that he considered the statutory fact, and that we find that in the paragraph in the original sentence in which he explained why he was selecting a particular guideline range. Is that correct? Yes, as well as the sentencing proceeding itself. The colloquy of the court to the extent the court is defining the sentence imposed based upon those factors. I believe that this court can look at the first sentencing proceeding together with the second sentencing proceeding in this context. The first one, though, explains why, if he were limited by the guideline range and it were mandatory, he would pick that particular sentence. Do you think we can use that and say that also explains why, if they were advisory, he would select the same sentence? Yes, and in fact, I would urge this court to find that there essentially is added the word to that sentence. The court selected this particular point in the advisory sentencing guideline range to address the sentencing issues. That is what the limited remand order required of the court. Thank you. First, I urge the court not to use statements that were made at the time of the first sentencing to determine whether or not the amylene remand resentencing under advisory guidelines is reasonable. To do so essentially mirrors, I think it's a volley, and creating a presumption out of the guideline. Well, is that necessarily true where the trial court says, I sentenced this person to X under what I thought were mandatory guidelines. I am now looking at the guidelines as advisory and thinking about all the arguments you've made, and I don't want to sentence him to anything different. So, why can't the judge do that under amylene and under just sort of the logic of the advisory guidelines? He took the advice. He said, I know it's just advice, but I like it. I understand. Yet, at the time that the court made those remarks at the first sentencing, the court was making them for purposes of determining the guideline range. And the court didn't specifically make those remarks in the amylene remand sentencing. And although there are general remarks about reviewing everything and deciding that he wouldn't change a thing, it isn't the sort of specific consideration of the necessary 3553A factors that go into determining and analyzing whether a sentence is reasonable. And it is very, very much like the court finding that a certain guideline applies and then presuming, well, then the sentence is reasonable. It's very difficult to distinguish between the two. The other point I'd like to make... I'm sorry. Did you want to ask counsel about that? Counsel, has anyone given us the citations to the two cases that you spoke of? I don't believe we got a 28J letter. That's what we were talking about up here. Neither of us seems to have one. If you would just give the clerk, one of you, the citations to the two cases. To Argueta and Karky? Yes, I think those were the two. Yes, I can certainly give those to the court. Would you like me to do that now on the record? No, when we're through, just the clerk will give you a slip to fill out. One last point, and I may be over time, is the standard of review. The court shouldn't revert to an abuse of discretion review. The court should do a de novo review of the reasonableness of the sentence, to discharge the function that Booker gave, to review a sentence meaningfully. I have nothing further. Thank you very much. Thank you, counsel. Thank you both. The case against Argueta will be submitted. The next case we're arguing is Stern Adversity West Publishing Company.
judges: Reinhardt, Graber, Lew